UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GUADALUPE ROJAS GUZMAN, | ) | Case No. CV 16-3059-JFW (SP) |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
| RANDY L. TEWS, Warden, | ) | |
| Respondent. | ) | |

## I.

## **INTRODUCTION**

On May 4, 2016, petitioner Guadalupe Rojas Guzman filed a Petition for a Writ of Habeas Corpus ("Petition") in this Court pursuant to 28 U.S.C. § 2241. At the time of filing, petitioner was housed at the federal correctional institution in Victorville, California. In support of the Petition, petitioner additionally filed a Memorandum ("Pet. Mem.") and exhibits attached thereto.

Petitioner seeks to challenge the convictions and sentences he incurred in 2011 and 2012 in two cases in the United States District Court for the District of Nevada. Petitioner contests the legality of his detention by arguing that: (1) a prior

order of removal from the United States violated due process, and therefore one of the predicate elements for his conviction for illegal reentry in violation of 8 U.S.C. § 1326 was missing (D. Nev. case no. 3:11-cr-0088 ("Nev. case no. 11-88")); and (2) the information filed under 21 U.S.C. § 851 to enhance his mandatory minimum drug trafficking sentence should be dismissed because his prior conviction did not qualify him for the enhancement (D. Nev. case no. 3:10-cr-109 ("Nev. case no. 10-109")).

On May 10, 2016 this Court issued an Order directing petitioner to show cause why the Petition should not be recharacterized as a 28 U.S.C. § 2255 motion and dismissed as filed in the wrong jurisdiction, as an improper successive § 2255 motion, and as time-barred ("OSC"). On June 8, 2016, petitioner responded to the OSC by filing a document he titled a Motion to Show Cause Under 28 U.S.C. § 2255(e) and Amended Motion ("Response"). In his Response, petitioner argues this Court has jurisdiction to consider the Petition under § 2241 pursuant to § 2255's savings clause. *See* 28 U.S.C. § 2255(e). The Court disagrees.

For the reasons that follow, this Court lacks jurisdiction to entertain the Petition, and transfer to another court would not be in the interest of justice as the Petition is successive and time-barred. Consequently, the Court summarily dismisses the Petition without prejudice.

## II.
## BACKGROUND

**A.   2004 State Conviction and Subsequent Deportation**

On or about April 1, 2004, in Washoe County District Court in the State of Nevada, petitioner pleaded guilty to the felony offense of opening or maintaining a place for the purpose of selling or giving away or using a controlled substance in violation of Nevada Revised Statute § 453.316. Pet. Mem. at 3; *id.*, Ex. A at 1. As part of the plea agreement, the prosecution recommended probation with an

underlying sentence of twenty-four to sixty months in Nevada state prison.[1] Pet. Mem., Ex. A at 3.

On December 21, 2009, petitioner was deported from the United States on the ground he committed an aggravated felony. Pet. at 13[2]; *see* 8 U.S.C. §§ 1227(a)(2), 1101(a)(43).

**B.    2011 Federal Drug Trafficking Conviction**

Petitioner was indicted in the United States District Court for the District of Nevada on September 22, 2010 on drug trafficking charges. Nev. case no. 10-109, docket no. 18. A later superseding indictment charged petitioner with three counts: (1) conspiracy to possess with intent to distribute and to distribute methamphetamine (21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846); (2) distribution of methamphetamine (21 U.S.C. § 841(a)(1), (b)(1)(A)); and (3) possession of methamphetamine with the intent to distribute (21 U.S.C. § 841(a)(1), (b)(1)(A)). *Id.*, docket no. 70. On December 27, 2011, following a trial in federal court, a jury found petitioner guilty on all counts. *Id.*, docket no. 135.

**C.    2011 Federal Conviction for Illegal Reentry**

Meanwhile, on July 27, 2011, petitioner was separately indicted in the United States District Court for the District of Nevada for unlawfully reentering the

---

[1] *See also* https://www.washoecourts.com/index.cfm?page=casedesc&case_id=CR04-0746A, docket (noting petitioner was admitted to probation on April 15, 2004 in case number CR04-0764A). The Court takes judicial notice of the docket and corresponding documents filed in petitioner's various Nevada cases discussed herein. *See* Fed. R. Evid. 201(c)(1); *see also U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

[2] Petition page references correspond to the pages as numbered by the Court's electronic case filing system. All other page references correspond to the document's internal numbering.

United States following deportation (8 U.S.C. § 1326(a)). Nev. case no. 11-88, docket no. 1. On May 21, 2012, petitioner signed a plea agreement, agreeing to plead guilty to the § 1326 violation. *Id.*, docket no. 26. That same day, petitioner initially appeared before the court to enter his guilty plea; however, after "canvassing [petitioner] as to the factual stipulation relevant to sentencing as outlined in Section IV of the plea agreement," the court declined to accept petitioner's guilty plea at that time. Nev. case no. 11-88, docket no. 22. Two days later, petitioner again appeared before the court, and that time he pleaded guilty under the terms of the plea agreement. *Id.*, docket no. 24.

### D. Federal Sentencing

The Nevada District Court consolidated petitioner's sentencing on both of his federal cases. *See* Nev. case no. 10-109, docket no. 179; Nev. case no. 11-88, docket nos. 24, 30. Petitioner was sentenced to 240 months in prison for illegal reentry, and 264 months in prison on the drug trafficking counts, with all sentences to run concurrently. Nev. case no. 11-88, docket nos. 32, 35.

### E. Appeal of Federal Convictions and Sentences

Petitioner appealed his federal convictions in both cases to the Ninth Circuit Court of Appeal. See Nev. case no. 11-88, docket no. 38 at 1, 2 n.1. The Ninth Circuit consolidated the appeals; however, petitioner did not raise any claims of error as to his illegal reentry conviction, and thus waived all such claims. *Id.* at 2 n.1. As to his drug trafficking convictions, petitioner argued the evidence was insufficient to support the verdict. *Id.* at 2. On June 19, 2013, the Ninth Circuit affirmed both judgments of conviction. *Id.* at 4.

### F. Post-Appeal Proceedings

On September 11, 2014, in his illegal reentry case, petitioner filed a § 2255 motion. Petitioner argued three grounds for relief: (1) ineffective assistance of trial counsel for failing to properly advise petitioner of the potential sentence he could

receive by accepting the plea agreement; (2) ineffective assistance of trial counsel for failing to investigate and perform certain pretrial functions guaranteed by the Sixth Amendment; and (3) trial court error in enhancing petitioner's sentence with facts not found to be true or listed in the indictment. Nev. case no. 11-88, docket no. 41. On October 15, 2014, the Nevada District Court denied the motion, finding all three grounds lacked merit, and ground three was procedurally defaulted because it was not raised on appeal. *Id.*, docket no. 42.

On June 18, 2015, in his drug trafficking case, petitioner filed a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c). Nev. case no. 10-109, docket no. 196. Thereafter, the parties jointly stipulated and the district court approved a 24-month reduction of petitioner's 264-month sentence. Nev. case no. 10-109, docket nos. 201-03. On April 13, 2016, petitioner's sentence was reduced from 264 to 240 months in prison. *Id.*, docket no. 203.

On May 27, 2016, in his illegal reentry case, petitioner filed a motion to dismiss the indictment under 8 U.S.C § 1326(d), and a motion to suppress the prior removal order. Nev. case no. 11-88, docket nos. 43, 45. Petitioner argued his 2004 conviction that served as the basis for his deportation was not an aggravated felony. *Id.* The Nevada District Court denied the motions on June 29, 2016, finding they constituted an impermissible successive § 2255 motion. *Id.*, docket no. 47. Petitioner appealed to the Ninth Circuit. *Id.*, docket no. 48. The district court denied a certificate of appealability on December 12, 2016. *Id.*, docket no. 57. As of the time of this Order, the Ninth Circuit has yet to take any further action.

### III.
### DISCUSSION

Petitioner filed the instant habeas Petition in this Court under 28 U.S.C. § 2241. Petitioner contests the legality of his detention in federal prison by

attacking his convictions and sentences in two cases in the United States District Court for the District of Nevada. Pet. at 2-3.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam); *see Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."). The Petition here is plainly a challenge to the legality of petitioner's convictions and sentences. But there is an exception – a "savings clause" or "escape hatch" – to the general rule that claims such as those petitioner raises here must be brought in a § 2255 motion. *See Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008); *Hernandez*, 204 F.3d at 864 n.2. A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). That is petitioner's contention here.

**A.    The Petition Does Not Qualify for § 2255(e)'s Savings Clause**

The exception under § 2255(e) is "narrow" and will not apply "merely because § 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *see also Lorentsen*, 223 F.3d at 953 (ban on unauthorized successive petitions does not per se make § 2255 "inadequate or ineffective"); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion). A petition meets the savings clause criteria

6

of § 2255(e) "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959 (internal quotation marks and citation omitted).

In his Response, petitioner characterizes his claims as claims of actual innocence. *See* Response at 4. So characterized, his first claim is that he is actually innocent of the crime of illegal reentry because he was wrongfully deported following his 2004 state conviction, as that conviction was not an aggravated felony, and therefore one of the predicate elements of his § 1326 conviction was missing. Pet. at 3; Pet. Mem. at 1-4. And his second claim is that he is actually innocent of the § 851 sentence enhancement applied to his drug trafficking conviction, because his 2004 state conviction did not qualify him for the enhancement. Pet. at 3; Pet. Mem. at 5-7. But even assuming these are claims of actual innocence, and without getting into the merits of the claims, the Petition still does not fall within the savings clause because petitioner does not meet the second criterion to qualify for the savings clause.

In particular, petitioner fails to demonstrate he never had an "unobstructed procedural shot" to raise his claims on appeal or in a § 2255 motion. *See Harrison*, 519 F.3d at 960. In making this determination, the court considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Id.* (internal quotation marks and citation omitted). Here, the Ninth Circuit affirmed his convictions on appeal on June 19, 2013, and petitioner filed his first § 2255 motion on September 11, 2014. D. Nev. 11-88, docket nos. 38, 41. The Court is aware of no new authority or other change of law or fact that prevented petitioner from raising the claims in the Petition either on direct appeal or in his initial collateral attack, and petitioner has presented no such law or facts. Indeed, the factual and legal bases

for petitioner's claims – in essence, that he was wrongfully deported in 2009, and that his 2004 state conviction was not a "felony drug offense" within the meaning of 21 U.S.C. § 841(b)(1)(A) – were as available to petitioner at the time of his conviction as they are today.

Petitioner cites to only two cases decided after September 11, 2014. *See* Response at 2-5. In the first, *Persaud v. United States*, 134 S. Ct. 1023, 188 L. Ed. 2d 117 (2014), the United States Supreme Court vacated a petitioner's judgment dismissing a § 2255 motion and alternative § 2241 petition, and remanded the case to the Fourth Circuit "for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed on December 20, 2013." In the second, *Webster v. Daniels*, 784 F.3d 1123, 1138 (en banc) (7th Cir. 2015), the Seventh Circuit "found there is no categorical bar against resort to section 2241 in cases where new evidence would reveal that the Constitution categorically prohibits a certain penalty." Neither of the cited cases offer any support for petitioner's claims in the Petition here, and thus present no change in the pertinent law.

As petitioner has failed to show he lacked an unobstructed procedural shot to raise his claims in the Petition previously on appeal or in a § 2255 motion filed in the sentencing court, petitioner does not qualify for § 2255's savings clause.

**B.     This Court Lacks Jurisdiction**

Because petitioner does not qualify for § 2255(e)'s savings clause, petitioner may not pursue his claims in a § 2241 habeas petition, but may instead pursue his claims only in a § 2255 motion. *See* 28 U.S.C. § 2255(e). This raises the question of whether this Court should recharacterize the Petition as a § 2255 motion. There are restrictions on the Court doing so. *See U.S. v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000). But because, as discussed below, dismissal of the Petition rather than recharacterization is warranted here, the Court finds there is no need for it to go

through the steps required by *Seesing*.

If the Petition were construed as a § 2255 motion, this Court would lack jurisdiction. Only the sentencing court has jurisdiction over a § 2255 motion. *Hernandez*, 204 F.3d at 864-65; *Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir. 1988); *see* 28 U.S.C. § 2255(a); *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012) ("§ 2255 motions must be filed in the district where the petitioner was sentenced"). Since petitioner is seeking to challenge a sentence imposed by the United States District Court for the District of Nevada, only that court has jurisdiction to entertain a § 2255 motion by petitioner.

The question then is whether the Court should dismiss the Petition for lack of jurisdiction or transfer it to the District of Nevada.

## C. The Petition Warrants Dismissal Rather Than Transfer

The transfer of civil actions to cure jurisdictional defects is governed by 28 U.S.C. § 1631. *Hernandez*, 204 F.3d at 865 n.6. Transfer is appropriate under § 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. *Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001) (citing *Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989)). Here, the first condition is met, as this Court lacks jurisdiction, but the second and third conditions are not.

At the time of filing, the sentencing court was effectively barred from exercising jurisdiction over at least the first claim in the Petition, which challenges petitioner's § 1326 conviction. A prisoner may not bring a second or successive § 2255 motion in district court without first seeking and obtaining permission to do so from "a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). As discussed, petitioner already brought a § 2255 motion in his illegal reentry case in September 2014, which the Nevada District Court denied a month later on the

merits.  There is no indication petitioner has received permission from the Ninth Circuit to bring a second or successive § 2255 motion.  Indeed, as also discussed, petitioner sought to raise essentially the same first claim he raises in the instant Petition by way of a motion to dismiss he filed in the District of Nevada in May 2016.  The Nevada District Court construed the motion as a § 2255 motion and denied it as an impermissible successive § 2255 motion.  The instant Petition would be expected to suffer the same fate if transferred to the District of Nevada.

In addition, transfer would not be in the interest of justice.  Before transferring a case to another jurisdiction, district courts may "consider the consequences of transfer."  *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999).  To determine if transfer is in the interest of justice, the court undertakes a limited review of a petition in light of its likelihood of success.  *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990); *Boultinghouse v. Lappin*, 816 F. Supp. 2d 107, 113 (D.D.C. 2011).  Here, transfer would be futile since, in addition to being impermissibly successive, the Petition as a whole is time-barred.

There is a one-year statute of limitations to bring a § 2255 motion.  28 U.S.C. § 2255(f).  The one-year limitation period runs from, as pertinent here, "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  A judgment of conviction becomes final when the time expires for filing a petition for writ of certiorari contesting the appellate court ruling.  *Clay v. U.S.*, 537 U.S. 522, 524-25, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003).  Pursuant to 28 U.S.C. § 2101(c), petitioner had ninety days after the entry of judgment to file his petition for writ of certiorari to the Supreme Court.  Since the Ninth Circuit denied petitioner's appeal and affirmed his convictions in both cases on June 19, 2013, petitioner's filing of this Petition on May 4, 2016 was well after the one-year period to bring a § 2255 motion expired.

As such, transfer to the District of Nevada would be futile and is not in the

interest of justice. Instead, the Petition will be dismissed for lack of jurisdiction.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action without prejudice.

DATED: January 3, 2017

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
United States Magistrate Judge